FILED

2012 Nov-01  PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

MICHAEL PATRICK ANGLEN,    )
    )
    Plaintiff    )
    )
    vs.    )    Case No. 6:12-cv-00606-RDP-HGD
    )
STEVEN NOLEN,    )
    )
    Defendant    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Michael Patrick Anglen, hereinafter referred to as the plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged by the defendant, who is identified as Fayette County Public Defender, Steven Nolen.  Plaintiff seeks unspecified compensatory damages, as well as injunctive relief.  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## PLAINTIFF'S FACTUAL ALLEGATIONS

The plaintiff is an inmate in the custody of the Walker County Jail in Jasper, Alabama. He filed the complaint in this matter on the forms normally utilized by prisoners seeking monetary damages and/or injunctive relief for civil rights violations, pursuant to 42 U.S.C. § 1983. The plaintiff's statement of claim consists solely of the following verbatim paragraph:

> I filed my own motion for Prelim. When I asked Mr. Nolen
> about my rights to Due Process he would not answer. I
> asked him to get a bond reduction [and] to send paper work
> I requested [and] to see mental health [and] to file a writ of
> Release! [H]e has done nothing.

(Doc. 1, p. 3).

## DISCUSSION

The only named defendant in this action is Steven Nolen, who is identified as

an attorney in the Fayette County Public Defender's office and who, ostensibly, has

represented or is presently representing the plaintiff in a criminal matter. As

presently pled, the allegations asserted in the complaint against Mr. Nolen do not

state a claim under § 1983. It is well settled that a private attorney representing a

defendant in a criminal case does not act "under color of state law" and therefore

cannot be liable in an action brought under 42 U.S.C. § 1983, absent specifically pled

facts showing a conspiracy between the attorney and public officials. *Polk County*

*v. Dodson*, 454 U.S. 312 (1981); *Rolle v. Raysor*, 267 Fed.Appx. 925 (11th Cir.

2008). This is true even if the attorney is an employee of the public defender's office.

*Burns v. Jorandy*, 332 Fed.Appx. 602 (11th Cir. 2009); *Wahl v. McIver*, 773 F.2d

1169 (11th Cir. 1985). In this instance, not only are the plaintiff's claims against his

defense counsel couched in extremely vague terms, but because there are no specific

facts pled to suggest a conspiracy between the attorney and state officials, the plaintiff cannot maintain an action against him under § 1983.

## SUPPLEMENTAL STATE LAW CLAIMS

To the extent the plaintiff attempts to assert a legal malpractice claim, or other state law claims, the magistrate judge RECOMMENDS that the court decline to exercise supplemental jurisdiction over those claims. Accordingly, any state law claims should be dismissed, without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written

objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Objections not meeting this specificity requirement will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DONE this 1st day of November, 2012.


_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE